UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED SALAD MOHAMED,<br><br>               Plaintiff,<br>    v.<br><br>MARC D. DILLARD et al.,<br><br>               Defendants. | CASE NO. 2:24-cv-01364-LK<br><br>ORDER TO SHOW CAUSE |

      This matter comes before the Court sua sponte. Plaintiff Mohamed Salad Mohamed, who is proceeding pro se, filed his complaint on August 28, 2024. Dkt. No. 1. On September 30, 2024, Mr. Mohamed filed documents purporting to be "Proof of Service." Dkt. No. 7 at 3. None of the Defendants has appeared, and Mr. Mohamed has not filed anything in the intervening months.

      Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In addition, plaintiffs have a general duty to prosecute their claims, *see Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978), and they fail to fulfill this duty when they do not litigate their case,

ORDER TO SHOW CAUSE - 1

*see, e.g., Spesock v. U.S. Bank, NA*, No. C18-0092-JLR, 2018 WL 5825439, at *3 (W.D. Wash. Nov. 7, 2018). "[T]o prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," federal courts may exercise their inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also, e.g.*, *Ville v. Meridian at Stone Creek Assisted Living*, No. C17-913-MJP, 2017 WL 4700340, at *1 (W.D. Wash. Oct. 19, 2017). More than 90 days have passed since the complaint was docketed, Dkt. No. 1, and there is no indication that Mr. Mohamed has served the Defendants or taken any steps to pursue this case in the past seven months.

The Court notes that because it appears that Mr. Mohamed intends to sue federal officers in their professional capacities, he must serve them in accordance with Federal Rule of Civil Procedure 4(i). Mr. Mohamed's purported "Proof of Service," Dkt. No. 7, does not demonstrate service in this fashion. *See, e.g.*, Fed. R. Civ. P. 4(i)(1)–(2) (requiring that a plaintiff serve the United States in addition to the officer defendants).

The Court therefore ORDERS Mr. Mohamed to, within 21 days of this Order, either file proof of service or otherwise show cause why the Court should not dismiss his claims against Defendants without prejudice for failure to timely serve them and failure to prosecute. Alternatively, Mr. Mohamed may request an extension of the 90-day period for service by showing good cause for such an extension. The Court will dismiss the case without prejudice absent a timely response to this Order.

Dated this 12th day of May, 2025.

*Lauren King*
Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 2